**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SOMCHAI NARULA,<br><br>                         Plaintiff,<br><br>vs.<br><br><br><br>CHASE HOME FINANCE, LLC,<br><br>                         Defendant. | 2:11-cv-01641-PMP -VCF<br><br>**ORDER**<br><br>(Motion to Compel Responses to Interrogatories and Requests for Production of Documents #14) |

Before the court is plaintiff Somchai Narula's Motion to Compel Responses to Interrogatories and Requests for Production of Documents. (#14**)**. Defendant Chase Home Finance, LLC (hereinafter "Chase") filed an Opposition (#21), and plaintiff filed a Reply (#22). The court held a hearing on September 25, 2012.

**A.     Background**

Plaintiff filed his amended complaint against defendant Chase on November 11, 2011. (#6). In his complaint, plaintiff alleges that Chase violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* (hereinafter "FCRA"), invaded his privacy, and defamed him. *Id.* The action arises out of a dispute relating to the home mortgage plaintiff has with Chase. *Id.* In 2009, plaintiff entered into a loan modification with Chase, and in 2010, plaintiff began using automated services through Wells Fargo to make mortgage payments to Chase. *Id.* These payments were always accepted by Chase, until September 2010, when the payment was returned. *Id.* When plaintiff contacted Chase, a representative could not explain why the payment was returned. *Id.*

Plaintiff continued to make the payments regularly, but they were returned by Chase. *Id.* Chase notified plaintiff of its intent to foreclose, but counsel for plaintiff convinced Chase to hold off on foreclosure proceedings. *Id.* Plaintiff asserts that during this time, he applied for credit, but was denied,

as Chase was "adversely reporting his tradeline." *Id.* Plaintiff asserts that defendant has still not corrected its derogatory credit reporting on plaintiff. (#14).

### B.   Motion to Compel

On February 1, 2012, plaintiff served defendant with his first set of interrogatories and requests for production of documents. (#14 Exhibit 1). Defendant did not timely serve responses, and plaintiff gave defendant an extension of time to do so. (#14 Exhibit 3). The deadline was March 23, 2012, but on March 26, 2012, no responses were received. (#14 Exhibit 4). Defendant was given an additional extension, this time until April 20, 2012. (#14 Exhibit 5). Plaintiff's counsel wrote defense counsel on April 20, 2012, informing counsel that a motion would ensue if no responses were received by May 14, 2012. (#14 Exhibit 6). Defendant was given another extension until May 11, 2012. (#14 Exhibit 7). On May 25, 2012, defense counsel stated that he could not provide "a definite date by which the discovery responses would be provided." (#14). As of the date of the filing of the motion, defendant had not provided any responses. *Id.*

Plaintiff asserts that the defendant should be ordered to provide plaintiff responses to the discovery requests as required by the Federal Rules of Civil Procedure. *Id.* Plaintiff also asserts that defendant should be ordered to pay $2,500 in reasonable attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). *Id.*

### C.   Defendant's Response

Defendant asserts that plaintiff's summary of the events leading up to the filing of the motion is for the most part accurate, and that plaintiff's counsel is an honorable advocate. (#21). Defendant states that despite this, plaintiff's references to sanctions in other actions cannot be vouchsafed. *Id.* Defendant asks this court to weigh the nature of the action, the factors contributing to the delay, and the aims of the parties. *Id.* Defendant asserts that it is "actively working within the rubric of its considerable organization to provide responses to [p]laintiff's discovery requests." *Id.* Defendant states that it believes that responses can be served within a week from August 8, 2012. *Id.*

Defendant notes the nature of the action: that plaintiff stopped making payments on his home and has not made a payment since the filing of the action. *Id.* Defense counsel does state that personal and other issues have contributed to the delay and that his "dereliction accounts for much of the reason [d]efendant has not timely responded to [p]laintiff's discovery requests." *Id.* Defendant argues that a

1  $2,500 award of attorney's fees is excessive, and requests that if sanctions are appropriate, that an amount
2  lower than $2,500 be ordered. *Id.*

3      **D.**    **Plaintiff's Reply**

4      As of August 17, 2012, plaintiff had not received any responses, and this concerns plaintiff, as the
5  October 1, 2012, discovery deadline is approaching. (#22). Plaintiff noticed the Rule 30(b)(6) deposition
6  for September 7, 2012, but states that he is reluctant to conduct the deposition prior to receipt of the
7  outstanding discovery. *Id.* Plaintiff refers to defense counsel as "an elegant gentlemen bent of "taking the
8  bullet" for an impassive, stolid client," and attaches an order sanctioning defendants behavior in a separate
9  FCRA action. *Id.*

10 **Relevant Law/Discussion**

11     Federal Rules of Civil Procedure 33(a) and 34(a) permit each party to serve the opposing party with
12 interrogatories and document requests within the scope of Rule 26(b) that are "relevant to any party's claim
13 or defense..." or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ.
14 P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial
15 purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery
16 purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery
17 of admissible evidence. *Id.*

18     Pursuant to Rule 37(a)(3)(B)(iii) and (iv), "[a] party seeking discovery may move for an order
19 compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory
20 submitted under Rule 33; or a party fails to respond that inspection will be permitted – or fails to permit
21 inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). Rule 37(a)(5)(A) states
22 that "[i]f the motion is granted--or if the disclosure or requested discovery is provided after the motion was
23 filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct
24 necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable
25 expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

26     The court finds that the discovery sought is relevant and must be produced. Fed. R. Civ. P. 26(b).
27 Defendant is ordered to provide plaintiff with complete discovery responses within ten (10) days from the
28 entry of this order. If defendant fails to provide complete responses, plaintiff may file a motion for

1  sanctions.  The Rule 30(b)(6) deposition must be conducted within twenty (20) days from the entry of this
2  order.  Failure to provide a Rule 30(b)(6) witness may result in a recommendation that defendant's answer
3  be stricken.  Defendant is sanctioned $2,000 for failing to participate in discovery.

4  Accordingly, and for good cause shown,

5  IT IS ORDERED that Somchai Narula's Motion to Compel Responses to Interrogatories and
6  Requests for Production of Documents (#14) is GRANTED.

7  IT IS FURTHER ORDERED that defendant must provide plaintiff with complete discovery
8  responses within ten (10) days from the entry of this order.

9  IT IS FURTHER ORDERED that the Rule 30(b)(6) deposition must be conducted within twenty
10 (20) days from the entry of this order.

11 IT IS FURTHER ORDERED that defendant pay the $2,000 sanction to plaintiff on or before
12 November 13, 2012.

13 Dated this 30th day of October, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**